LAWSON, RECEIVER, *v.*
YOUNG, APPELLANT, ET AL.

(No. CA84-01-003—Decided December 17, 1984.)

*Eddie Lawson, Jr.,* for appellee.
*Robert W. Peeler,* for appellant.

*Per Curiam.* This cause came on to be heard upon an appeal from the Court of Common Pleas of Warren County.

On October 22, 1979, appellee, Eddie Lawson, the duly appointed receiver for Pool Builders Supply, Inc., an Ohio corporation, filed a complaint in the Court of Common Pleas of Warren County. Named as defendants in the complaint were appellant, William G. Young, as well as Albert Behrens, August Zorn, Robert Darbyshire and several corporate entities. The complaint alleged that the individual defendants were the principal stockholders and directors of Pool Builders Supply. In addition, the complaint alleged that the corporation was nothing more than the alter ego of the individual defendants, and that Pool Builders Supply was never operated in compliance with the formal requirements of a corporate entity, but was used by the individual defendants in order to obtain money, goods or property from creditors on the credit of the corporation for their personal use. The complaint also claimed that the defendants conspired to defraud creditors and, as part of that conspiracy, used Pool Builders Supply for purposes of converting corporate assets to their own use. The complaint sought both compensatory and punitive damages from the defendants.

Responsive pleadings were filed by the defendants and the matter was consolidated for trial with other litigation involving Pool Builders Supply concerning similar questions of law.

Following a bench trial, the trial court found that although Pool Builders Supply had operated subsequent to its incorporation without complying with several of the requirements of an ongoing corporation, Pool Builders Supply had continued to function as a corporate entity and had not lost its corporate character. The court determined that the evidence was insufficient to find that Pool Builders Supply had been incor-

porated and subsequently maintained and operated in order to defraud creditors. Furthermore, the court held that there was insufficient evidence to support a finding that the individual officers, directors and stockholders of the corporation had created and operated the corporation as part of a conspiracy to commit fraud on corporate creditors. The court concluded by finding that the individual defendants were not liable for the compensatory and punitive damages requested by appellee.

Consequently, the individual defendants filed motions to have the legal fees they incurred in defending the action brought by appellee declared as administrative expenses and that they be granted a priority preference in payment. Appellant in particular claimed legal fees of nearly $4,800 in defense of this action. Following a hearing on the motions, the court rendered a decision on November 3, 1983, in which it held that R.C. 1701.13(E)(2) and (3) authorized a court by implication to order a receiver for a corporation to reimburse officers and directors for attorney fees incurred in an action brought by a receiver, where, had the corporation brought the action itself, it would have been required to make the indemnification to its officers and directors. The court found that appellant was entitled to reimbursement in the amount of $1,500. However, the court held that the right to reimbursement for attorney fees was no different than the claims of other general creditors of Pool Builders Supply, and ordered that the individual defendants receive payment in the same proportion as other creditors to the extent that there were funds available for disbursement and payment. A judgment entry to the same effect was entered on December 19, 1983, and appellant Young filed a notice of appeal on January 10, 1984.

Appellant's sole assignment of error claims that the trial court erred in refusing to award attorney fees pursuant to the provisions of R.C. 1701.13(E)(3). Appellant claims that he is entitled to indemnification for attorney fees since he was successful in an action brought on behalf of the corporation in which he was sued in his capacity as an officer or director of the corporation. Appellee, who does not appear to take issue with appellant's right to recover attorney fees, argues that appellant is not entitled to a priority preference in recovering those fees since the action was commenced by appellee in his capacity as receiver, for the benefit of the creditors of Pool Builders Supply.

R.C. 1701.13(E) deals with a corporation's authority to reimburse or indemnify directors, officers, agents or employees of a corporation for expenses arising from litigation concerning the individual in his capacity as an officer, director, agent or employee of the corporation. R.C. 1701.13(E)(2) states that the individual may be indemnified for expenses, including attorney fees, which result from a "completed action or suit *by or in the right of the corporation*" (emphasis added) in which the individual is sued in his corporate capacity. When the officer or director is successful on the merits or otherwise in defense of any action brought by the corporation or in right of the corporation, the statute states that he *shall* be indemnified for those expenses including attorney fees actually and reasonably incurred in connection with the successful defense. R.C. 1701.13(E)(3).

In the case *sub judice* we are presented with a situation in which the corporation itself has not instituted the action against its officers or directors. Instead, it is a receiver of the corporation who has filed suit in his capacity as receiver. Clearly, had Pool Builders Supply brought the action against appellant

and the other officers and directors alleging fraud and mismanagement on the part of those officers and directors, and had appellant and the others successfully defended such an action, Pool Builders Supply would have been obligated pursuant to R.C. 1701.13(E)(3) to indemnify appellant and the others for their expenses incurred in the successful defense of such an action. We are therefore faced with the question of whether insolvency should relieve a corporation of its statutory obligation to reimburse officers and directors who successfully defend actions brought by or on behalf of the corporation.

Appellee argues that the lawsuit which is the subject of this appeal was brought on behalf of and in the interest of Pool Builders Supply's creditors and not on behalf of the corporation. While such is true, we also view the action as one brought on behalf of the corporation, since the receiver is attempting to recover corporate assets to pay creditors, which would not only be a direct benefit to the creditors, but would also be a direct benefit to the corporation as well. The receiver is a court-appointed officer who has the freedom to pursue the rights of the corporation against any and all parties when necessary and proper. The alleged misconduct of appellant and the other individual directors and officers had a detrimental effect on the corporation as well as the creditors of the corporation. We see no reason to hold that a corporation's insolvency acts to relieve the statutory right to indemnification and reimbursement due to the fact that the action was brought by the corporation's receiver on behalf of the creditors when the same action could have easily been brought by the corporation itself.

We believe that the trial court incorrectly labeled appellant as a "general creditor" of the corporation. Unlike other creditors, appellant is not attempting to recover anything from the corporation for money, goods, or services previously advanced to the corporation; instead, he is simply attempting to avoid a loss as a result of a misplaced or meritless lawsuit.

Were we to adopt the position advanced by appellee, it would have serious adverse implications for corporations facing insolvency or other financial hardship. There would be a general reluctance to serve as an officer or director for a struggling corporation out of fear that good faith business judgments and decisions made in an attempt to revive the sagging financial fortunes of a corporation could later become the target and subject of legal action by a receiver. The officers and directors would then face the prospect of having to defend their actions at their own costs without the opportunity to recover their expenses should they successfully defend those actions.

Finally, it seems incomprehensible that appellant should be denied his right to recover legal fees associated with the case at bar when in all probability appellee will receive reimbursement for the legal fees he incurred in bringing this action against appellant and the others. We hold that appellant is entitled to indemnification for his legal fees pursuant to R.C. 1701.13(E)(3) and that the trial court erred in determining that appellant's claim is no different than that held by other general creditors of the corporation. Appellant's assignment of error is well-taken and is hereby sustained.

The judgment of the trial court is reversed insofar as it applies to the priority of the fees. As we interpret the assignment of error, appellant does not question the amount of fees established below, but challenges the determination that the fees were equivalent to a general creditor's claim. The legal fees, like other administrative expenses, should be paid prior to the claims of general creditors. We therefore hold

that the receiver should pay the $1,500 due to appellant for legal fees now, prior to paying the claims of Pool Builders Supply's general creditors.

The assignment of error properly before this court having been ruled upon as heretofore set forth, it is the order of this court that the judgment or final order herein appealed from be, and the same hereby is, reversed and the cause is remanded for further proceedings according to law and not inconsistent with this decision.

*Judgment reversed and cause remanded.*

HENDRICKSON, P.J., KOEHLER and JONES, JJ., concur.